IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA


SEAN GILLEN,                              )
                                         )
                    Petitioner,          )
                                         )
                                         )        CIV-10-933-HE
v.                                       )
                                         )
GREG PROVINCE, Warden,                   )
                                         )
                    Respondent.          )


REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for

Distributing Controlled Dangerous Substance to a Minor, Rape in the Second Degree, and

Unlawful Possession of Drug Paraphernalia entered against him pursuant to his guilty plea

in the District Court of Payne County, Oklahoma, Case No. CF-2007-481.   Respondent has

responded to the Petition and filed the relevant state court records, including the original state

court record and transcripts of the post-evaluation competency, plea, and sentencing

proceedings. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is

recommended that the Petition be denied.

1

I. <u>Background</u>

In an information filed in the District Court of Payne County on July 12, 2007, Petitioner was charged with the felony offense of Unlawful Delivery of Controlled Dangerous Drug to a Juvenile (count one) and the misdemeanor offenses of Unlawful Possession of Drug Paraphernalia (count two) and Obstructing an Officer (count three). An amended information charged Petitioner with an additional felony offense of Rape in the Second Degree involving a 14-year-old girl. In the amended information, the rape charge was set forth as count two and the misdemeanor charges were set forth as counts three and four.

Petitioner's attorney filed an application for determination of competency in the trial court on July 12, 2007. Following a hearing on the application, the court ordered Petitioner to be evaluated to determine his competency. Mr. Darrell Burns, a counselor at the Edwin Fair Mental Health Center, submitted a report to the trial court of his evaluation of Plaintiff conducted at the Payne County Jail. In the report, Mr. Burns concluded that

> [e]ven though it is my opinion the defendant is malingering (the intentional faking or exaggeration of symptoms for person gain) I am requesting the court find the defendant not competent to stand trial but able to obtain competency and refer him to the Oklahoma Forensic Center for restorative competency treatment. This examiner[']s reasons are as follows: his level of depression, according to written document he was found not competent to stand trial in Florida [in 2003] and his mother and attorney state he was found not competent to stand trial in Arizona.

Original Record, at 61. On July 30, 2007, the parties presented evidence concerning the

issue of Petitioner's competency. The trial court found Petitioner to be incompetent to stand trial and ordered him to be transported to state custody for mental health treatment.

At a post-evaluation competency hearing conducted on September 6, 2007, evidence was admitted[1] concerning the issue of Petitioner's competency.[2] The trial court found Petitioner was competent to understand the nature and the consequences of the charges and to aid and assist his attorney, and the criminal proceeding resumed. In October 2007, Petitioner waived his preliminary hearing.

On April 10, 2008, Petitioner appeared in court with his attorney and entered a "blind" guilty plea[3] to all four charges.[4] In a Plea of Guilty Summary of Facts form signed by Petitioner at the time of the plea proceeding, Petitioner stated he understood there was no plea agreement other than that he would participate in a "delayed sentencing [program as a] youthful offender." Original Record, at 126. The trial court ordered Petitioner to participate

---

[1] The prosecutor discussed the report of Dr. Christopher, a forensic psychologist who examined Petitioner after he was committed for treatment. However, the report was not admitted into evidence at the post-evaluation competency hearing. The prosecutor stated that Dr. Christopher found Petitioner to be competent, able to assist his attorney, and able to understand the nature of the charges.

[2] See "Transcript of Post Competency Hearing Held [the] 6th Day of September, 2007 . . . ."

[3] A "blind" plea is one in which there is no recommendation by the prosecution or agreement as to sentencing, and sentencing is within the discretion of the trial judge. See May v. State, 788 P.2d 408, 410 (Okla.Crim.App. 1990).

[4] See "Transcript of Proceedings Had . . . on the 10th Day of April, 2008."

in Oklahoma's Delayed Sentencing Program[5] through the Oklahoma Department of Corrections ("DOC").[6]  A sentencing hearing was set for October 3, 2008.

The salient facts leading to Petitioner's convictions can be gathered from the plea proceeding in which Petitioner admitted giving marijuana to a 14-year-old girl at his home and having sex with the girl.  However, Petitioner stated he believed the victim was 18 years old at the time of the offenses because she looked and acted that age.

On October 23, 2008, Petitioner appeared with his attorney for sentencing.[7]  An Oklahoma probation and parole officer testified at the hearing concerning Petitioner's participation in the Delayed Sentencing Program and his compliance with the rules of his probation in the Program.  The officer's Delayed-Sentence Investigation Report concerning

---

[5]In Oklahoma, the "Delayed Sentencing Program for Young Adults," which is also known as the Regimented Inmate Discipline, or RID, Program, allows young adults aged 18 through 21 convicted of nonviolent felony offenses to enter a program in the custody of the Oklahoma Department of Corrections ("DOC") consisting of "a structured environment of intense confinement, supervision, treatment, discipline, and vocational or educational components designed specifically for the offender" for up to one year. Okla. Stat. tit. 22, § 996-996.3.  The program may, alternatively, consist of a probationary period of up to one year, and during this period of confinement or probation sentencing is delayed pending completion of the program. Okla. Stat. tit. 22, § 996.3.  Within 90 days after an offender is committed to the Delayed Sentencing Program for Young Adults, DOC must prepare and file a specialized offender accountability plan for the offender which includes recommendations for a course of action, which may include boot camp, substance abuse treatment, psychological counseling, psychiatric treatment, medical treatment, educational or vocational training, work, restitution, and other rehabilitative programs.  The offender has the opportunity to object to the plan, and, if an objection is made, a hearing is conducted where the court may "decide a plan of action for the offender under the Delayed Sentencing Program for Young Adults or sentence the offender as otherwise provided by law." Okla. Stat. tit. 22, § 996.3(B).

[6]During the plea proceeding, Petitioner's application for deferment of further proceedings or suspended sentence and written rules of probation were signed by Petitioner, his counsel, and the presiding judge.

[7]See "Transcript of Proceedings Had . . . On the 23rd Day of October, 2008."

Petitioner was admitted into evidence. Original Record, at 147-152. The officer testified that, due to Petitioner's lack of impulse control and failure to follow the Program's rules, Petitioner would not be successful in the community if allowed to continue on probation. The officer recommended that Petitioner be sentenced to a term of incarceration. Petitioner's mother testified in mitigation of sentencing concerning Petitioner's mental condition and previous diagnoses of his mental impairments. The trial court sentenced Petitioner to ten-year terms of imprisonment for the two felony convictions and 1-year terms of confinement in the county jail for the two misdemeanor convictions, with all sentences to run concurrently.

On November 3, 2008, Petitioner, through his attorney, filed an application to withdraw his plea. In the application, Petitioner asserted that he believed he would receive a sentence of one year in the Payne County jail based on verbal statements made by the prosecution on October 4, 2007, that he believed the issue before the court at the time of his plea was whether or not he would be confined during the Delayed Sentencing Program, that he had been in special education classes until the eleventh grade, that he functioned at a fourth grade level according to testing by three psychologists, that he was on several medications, and that he believed there were evidentiary issues involving constitutional violations, although these alleged violations were not described. Following a hearing conducted on November 24, 2008, the motion was denied.[8] An Amended Judgment and

---

[8]See "Transcript of Proceedings Had . . . on the 24th Day of November, 2008."

Sentence in Case No. CF-2007-481 was entered on December 18, 2008, setting forth the convictions and sentences entered in the case against Petitioner. Original Record, at 193.

Represented by new counsel, Petitioner pursued a certiorari appeal of the convictions.[9] In his appellate brief, Petitioner asserted seven grounds. He asserted (1) the trial judge erred by not considering all circumstances before determining Petitioner was competent to enter a plea; (2) the trial court abused its discretion by refusing to grant a continuance of the post-evaluation competency hearing; (3) the plea was not supported by a sufficient factual basis; (4) the plea was not knowing and voluntary; (5) Petitioner was denied effective assistance of counsel; (6) the sentences were excessive; and (7) cumulative errors deprived Petitioner of a fair trial. Response, Ex. 1 (Brief of Petitioner). In connection with his brief, Petitioner applied for an evidentiary hearing with respect to the ineffective assistance of counsel issue. Response, Ex. 2.

In a summary opinion entered March 2, 2010, the Oklahoma Court of Criminal Appeals ("OCCA") entered factual findings and conclusions as to each of Petitioner's claims. The OCCA affirmed the convictions on counts one, two, and three. The OCCA reversed the conviction on count four, Obstructing an Officer, on the basis that the record did not provide a sufficient factual basis to support the plea. One judge on the appellate court entered a dissenting opinion in which the judge opined that he would remand the case for an

---

[9]In Oklahoma, an appeal from a guilty plea first requires that the defendant file a motion to withdraw the plea within ten days of judgment. R.Okla.Crim.App. 4.2(A). If the motion is denied, the decision may be appealed within ninety days of judgment by writ of certiorari to the Oklahoma Court of Criminal Appeals. Okla. Stat. tit. 22, § 1051(a).

evidentiary hearing on the issues of ineffective assistance of counsel and voluntariness of the plea, particularly in light of Petitioner's extensive history of mental health problems, hospitalizations, suicide attempts, and other mental problems extending back to his early childhood.

In his habeas Petition, Petitioner urges the same seven grounds for relief that he asserted in his certiorari appeal. Petitioner does not present specific arguments in support of his grounds. Rather, Petitioner merely relies on the arguments presented by his appellate counsel in his certiorari appeal before the OCCA.

## II. Procedural Default

Respondent contends that Petitioner's claims in grounds two and seven were found to be procedurally barred from review by the OCCA and these grounds are also procedurally barred from federal habeas review. In ground two of Petitioner's certiorari appeal, he asserted that the district court abused its discretion in failing to grant a continuance of Petitioner's post-evaluation competency hearing. The OCCA did not reach the merits of this claim for two reasons. The court found that this claim was "outside the limited scope of review" for a certiorari appeal of a plea-based conviction and (2) appellate review of the issue was waived under Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, because Petitioner did not raise the issue in his motion to withdraw his plea.[10] Response, Ex.

---

[10]Pursuant to Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals,* "[n]o matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea, which must accompany the records filed with this Court."

3 (<u>Gillen v. State</u>, No. C-2008-1155 (Okla.Crim.App. Mar. 2, 2010)(unpublished op.)), at 3.

In ground seven of his certiorari appeal, Petitioner contended that cumulative errors deprived him of a fair trial. Citing Rule 4.2(B) of the court's procedural rules, the OCCA refused to review the merits of this claim because Petitioner had not raised this claim in his application to withdraw his plea.[11] <u>Id.</u>, at 5.

On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338-339 (1992); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Hickman v. Spears</u>, 160 F.3d 1269, 1271 (10th Cir. 1998).

"'A state court's finding is considered independent if it is separate and distinct from federal law.'" <u>Klein v. Neal</u>, 45 F.3d 1395, 1397 (10th Cir. 1995)(quoting <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1353 (10th Cir. 1994), <u>cert. denied</u>, 515 U.S. 1135 (1995)(internal quotation marks omitted). It is not disputed that the OCCA relied on an independent state-law ground for its decision with respect to the issues raised in grounds two and seven.

"'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" <u>Id.</u> (quoting <u>Brecheen</u>, 41 F.3d at 1353)(internal quotation marks omitted). The state must assert a state court procedural default as an

---

[11]The OCCA alternatively found the claim was without merit because no trial had occurred.

affirmative defense, see Hooks v. Ward, 184 F.3d 1206, 1216 (10th Cir. 1999), and "the state is undoubtedly in a better position [than the petitioner] to establish the regularity, consistency and efficiency with which [the state court] has applied [a state procedural rule] in the past[.]" Id. at 1216-1217. Nevertheless, a habeas petitioner must challenge the adequacy of the state procedural rule once the affirmative defense is raised:

> Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner. This must be done, at a minimum, by specific allegations by the petitioner as to the inadequacy of the state procedure.

Id. at 1217. Here, Respondent has asserted procedural default as an affirmative defense concerning the issues raised in grounds two and seven. Petitioner replied to the State's Response, but Petitioner did not address the adequacy of OCCA's Rule 4.2(B) in his Reply brief. In the absence of any assertion or evidence of inadequacy, the OCCA's procedural rule is an adequate and independent state ground for the court's decision. In order to overcome the procedural bar resulting from the OCCA's ruling, Petitioner must demonstrate cause and prejudice or, alternatively, that a fundamental miscarriage of justice will ensue if the defaulted claims are not reviewed. Petitioner has not asserted, much less demonstrated, either cause and prejudice or a fundamental miscarriage of justice in his Reply brief. Petitioner's Reply contains only factual assertions in an unverified pleading.[12] Consequently, Petitioner's state court procedural default of the issues raised in grounds two and seven of

---

[12]Moreover, the Reply does not contain a certificate of mailing to the Respondent as required by Fed.R.Civ.P. 5(a)(1) and LCvR 5.4(b).

the Petition bars federal habeas review of the defaulted claims.

III. Standard of Review

Because the remainder of Petitioner's claims were denied by the OCCA on their merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for reviewing these claims. Under the AEDPA, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). If there is no clearly established federal law in Supreme Court cases involving facts that are closely-related or similar to those in the case being reviewed, the court need not assess whether the state court's holding was "contrary to" or an "unreasonable application" of established federal law. House v. Hatch, 527 F.3d 1010, 1016-1017 (10th Cir. 2008)(interpreting Carey v. Musladin, 549 U.S. 70 (2006)), cert. denied, __ U.S. __, 129 S. Ct. 1345(2009). Where the Supreme Court's "cases give no clear answer to the question presented, ...., it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law,'" and habeas "relief is unauthorized" under the explicit language of 28 U.S.C. § 2254(d)(1). Wright v. Van Patten, 552 U.S. 120, 126 (2008)(internal quotation and citation omitted).

If "the threshold question as to the existence of clearly established federal law" is

answered affirmatively, then the reviewing court must determine whether the state court decision is either contrary to or an unreasonable application of that law. House, 527 F. 3d at 1010, 1018. A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Williams, 529 U.S. at 405-406, 413.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(per curiam). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(per curiam)(citations omitted).

As to any factual issues raised in the Petition, the court must determine whether the state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, AEDPA mandates that factual findings made by a state trial or appellate court

are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. Competency to Enter a Plea

In ground one of the Petition, Petitioner asserts that the trial court did not consider "all the relevant information" before determining Petitioner was competent to enter the plea in Case No. CF-2007-481.[13] Response, Ex. 1, at 10. The OCCA rejected this claim in Petitioner's certiorari appeal. The OCCA found that

> [w]ithin the past seven months [prior to the plea proceeding] [Petitioner] had been found competent to proceed in this case. Additionally, the district court had a colloquy with [Petitioner] prior to taking his plea where [Petitioner] answered the judge's questions and stated specific reasons why he was guilty. Considering defense counsel declined to reassert a claim of incompetence, and in fact conceded that [Petitioner] was competent at the plea hearing, the district court did not abuse its discretion by accepting [Petitioner's] guilty plea.

Response, Ex.3, at 2. Respondent contends that the OCCA's decision was not contrary to or an unreasonable application of clearly-established Supreme Court precedent.

In his certiorari appeal, Petitioner asserted that, before determining Petitioner was competent to enter the plea, the trial judge should have considered, or inadequately

---

[13]Because a post-evaluation competency hearing was conducted prior to Petitioner's plea, his claim is construed to assert his plea was invalid because he was incompetent to waive his rights and enter a plea. See United States v. Vidal, 561 F.3d 1113, 1121 (10th Cir.)(procedural competency claim alleges that court erred by not ordering a competency hearing), cert. denied, __ U.S.__, 130 S.Ct. 221 (2009). See also McGregor v. Gibson, 248 F.3d 946, 952 (10th Cir. 2001)(en banc)("A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent.").

considered, various reports in the record, including the report of Mr. Burns' evaluation of Petitioner conducted on July 21, 2007, the report of Dr. Christopher's examination of Petitioner for competency conducted on August 7, 2007, the order entered in a Florida juvenile proceeding involving Petitioner in 2003, and the reports of mental health evaluators in that proceeding. However, the record shows that the reports of Mr. Burns and Dr. Christopher were discussed in open court during the post-evaluation competency hearing. The trial court also admitted into evidence during the post-evaluation competency hearing the 2003 order entered in a juvenile proceeding in a Florida state court in which the court found Petitioner was incompetent to proceed and would never become competent to proceed. After admitting this evidence, the trial judge noted, however, that the Florida court's order was issued in a juvenile delinquency matter "[a]nd competency in juvenile matters is distinct and different than [in] criminal matters [a]nd without somebody here to testify as to what that specifically entails, this court cannot assume that they're one in [sic] the same." See "Transcript of Post Competency Hearing Held [the] 6th day of September, 2007 . . . .," at 14-15.

"The state trial court's finding of competency is presumed correct unless rebutted by clear and convincing evidence." See Wilson v. Sirmons, 536 F.3d 1064, 1070-1071 (10th Cir. 2008). "To succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a real, substantial and legitimate doubt as to his competency to stand trial." Walker v. Attorney General for Oklahoma, 167 F.3d 1339, 1347 (10th Cir. 1999)(internal quotations omitted). In this case, Petitioner had a post-evaluation hearing on

the issue of his competency, and the transcript of that hearing reflects the trial judge's consideration of the relevant evidence, including the extensive report of Dr. Christopher conducted during Petitioner's confinement at the Oklahoma Forensic Center. This report does not create a real, substantial, or legitimate doubt as to Petitioner's competency to stand trial or to enter a guilty plea. See Application for an Evidentiary Hearing, Ex. G. To the contrary, the report provides substantial evidence that Petitioner was competent to stand trial and, alternatively, to enter a plea.

In a report of a psychological evaluation by Dr. McGarrahan conducted on April 15, 2009, and submitted with Petitioner's request for an evidentiary hearing in his certiorari appeal, the psychologist opined that Plaintiff suffered from a severe psychiatric condition but that the exact nature and severity of the condition could not be determined because Plaintiff exaggerated some symptoms and/or the severity of his psychiatric state as well as his cognitive status. The psychologist further stated that Plaintiff operated at a low average level of intellectual functioning and exhibited impulsive behaviors and difficulty controlling his impulses. Dr. McGarrahan found Plaintiff was competent to assist his attorney on his appeal and his competency was largely dependent on his compliance with medications. Finally, Dr. McGarrahan stated that there was no evidence to support the contention that Petitioner was not competent to enter his plea.

Petitioner has not provided clear and convincing evidence to overcome the presumption of correctness attached to the OCCA's findings, nor has Petitioner provided sufficient evidence to support his claim of substantive incompetency. Petitioner has not

shown that the OCCA's decision was contrary to or an unreasonable application of clearly-established Supreme Court jurisprudence. Petitioner is not entitled to habeas relief concerning this claim.

V. <u>Factual Basis for the Plea</u>

In ground three, Petitioner contends that his plea was not supported by a sufficient factual basis. This contention, which Petitioner also presented in his certiorari appeal, does not present a viable habeas claim because Petitioner did not assert he was innocent of the charges. <u>See</u> <u>Green v. Koerner</u>, 312 Fed.Appx. 105, 108, 2009 WL 347457 (10th Cir. Feb. 12, 2009)(unpublished op.). In rejecting this claim in Petitioner's appeal, the OCCA found that "[t]he plea colloquy, the Plea of Guilty and Summary of Facts, and the affidavits submitted by police presented a sufficient factual basis for [Petitioner's] plea of guilty to Counts 1, 2, and 3." Response, Ex.3, at 3.

"Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary." <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11th Cir. 1983)(citing <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 n. 10 (1970)). A pleading defendant's "express admission of guilt" is "not a constitutional requisite to the imposition of criminal penalty." <u>Alford</u>, 400 U.S. at 37. "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." <u>Id.</u> When "a defendant intelligently concludes that his interests require entry of

a guilty plea and the record before the judge contains strong evidence of actual guilt," the plea is not constitutionally invalid. Id. at 37-38.

During the plea proceeding, Petitioner admitted both giving marijuana to the 14-year-old victim and engaging in sexual relations with the victim. Petitioner admitted during the plea proceeding that he was guilty of the drug paraphernalia charge as well. Petitioner did not assert his innocence of any of the charges during the plea proceeding.

Even if Petitioner had asserted his innocence during the plea proceeding, the record, as the OCCA found, provides a sufficient factual basis for the plea. In his appellate brief, Petitioner admitted that his statement in open court was sufficient to provide a factual basis for the drug-related offense. However, Petitioner argued that he only stated on the Plea of Guilty Summary of Facts form that he "tried to have sex" with the victim and never admitted the essential element of penetration to support a factual basis for the rape charge. Response, Ex. 1, at 19-20. Petitioner asserted that the affidavit of investigating police officer Little did not describe the victim's actual statements to the officer and therefore officer Little's affidavit failed to provide a factual basis for the rape offense. Response, Ex. 1, at 20. There is nothing confusing about officer Little's affidavit, however, which clearly sets forth the victim's statement that Petitioner "used his fingers and penis to penetrate" the victim. Original Record, at 32. This affidavit, as well as Petitioner's admissions in open court and on the Plea of Guilty Summary of Facts form, provided substantial evidence of Petitioner's guilt of the rape charge. Petitioner has not shown that the OCCA's decision rejecting this claim was contrary to or an unreasonable application of the Alford standard, and Petitioner

is not entitled to habeas relief as to this claim.

VI.  Knowing and Voluntary Nature of Plea

In his next ground for habeas relief, Petitioner contends that his plea was constitutionally invalid because it was not knowingly and voluntarily entered.  In his certiorari appeal, Petitioner argued that, largely as a result of his mental impairments, he was confused with respect to the issue of a plea agreement and that he misunderstood the sentence he could receive. Response, Ex. 1, at 27-33.

"The Due Process Clause of the Fourteenth Amendment requires that a defendant knowingly and voluntarily enter a plea of guilty." Fields v. Gibson, 277 F.3d 1203, 1212-1213 (10th Cir.), cert. denied, 537 U.S. 1023 (2002).  A knowing and voluntary plea is one entered with a "full understanding of what the plea connotes and of its consequence[s]." Boykin v. Alabama, 395 U.S. 238, 244 (1969).

During the plea proceeding, Petitioner's attorney advised the court that the prosecution had offered a "suspended" sentence in return for Petitioner's guilty plea, that she had talked with Petitioner about the proposed plea agreement "several times and his mother even went down to the jail with me" to talk to him concerning the proposed plea agreement. See "Transcript of Proceedings had . . . on the 10th Day of April, 2008," at 3.  Petitioner's attorney stated that Petitioner had determined "he was going with the blind" plea a week prior to the plea proceeding and she had attempted to call the prosecutor to inform him of Petitioner's decision to enter a blind plea and refuse the offer of a plea agreement involving a suspended sentence.  Id.  Petitioner testified at the plea proceeding that he had discussed

the Plea of Guilty Summary of Facts form with his attorney, that she had answered all of his questions about the form to his satisfaction, that all of his answers on the form were given truthfully and completely, and that he desired to enter a guilty plea because he was in fact guilty of the three offenses.  Id., at 4-5.  Petitioner's answers to the court's queries established that he understood the charges and the consequences of his plea.  The Plea of Guilty Summary of Facts form signed by Petitioner clearly states Petitioner's understanding that there was no plea agreement as he was entering a "[b]lind plea" and would be participating in the Oklahoma Department of Corrections' "Delayed Sentencing [Program as a] Youthful Offender." Original Record, at 126.  Petitioner also stated on the form his understanding that "if there is no plea agreement the Court [could] sentence [him] within the range of punishment" for each of the offenses as described on the form. Id.

The OCCA concluded that "[t]he record demonstrates [Petitioner] entered his plea of guilty knowingly and voluntarily." Response, Ex. 3, at 4.  In support of this conclusion, the OCCA found that Petitioner "specifically wrote that he was entering a blind plea, that he knew the range of punishment, and that he was not opting for the plea agreement that had been offered. [Petitioner] appears to have sought an alternative sentence such as community sentencing rather than the suspended sentence initially offered by the State." Id.  Petitioner has not shown that the OCCA's decision was contrary to or unreasonably applied the prevailing Boykin standard.  Accordingly, Petitioner is not entitled to habeas relief concerning this claim.

VII. Ineffective Assistance of Defense Counsel

In his fifth ground for habeas relief, Petitioner contends that he was denied his Sixth Amendment right to the effective assistance of defense counsel. In his certiorari appeal, Petitioner specifically alleged that his attorney was ineffective "for choosing to proceed with a blind plea over a good plea offer," "for failing to ensure that [Petitioner] understood the nature and consequences of a blind plea," and "for failing to timely secure a mental health expert for the defense." Response, Ex. 1, at 34-35.

The OCCA rejected this claim and supported its conclusion with this reasoning:

> After reviewing the information both within the record and the materials proffered by [Petitioner] in the appendix to his Application for Evidentiary Hearing, we do not find a "strong possibility" that counsel was ineffective for failing to utilize all of the included exhibits. In fact, several were admitted for the district court's use in sentencing, and others were not in existence at the time of sentencing.
>
> [Petitioner's] claim that counsel was ineffective for failing to reassert the claim that [Petitioner] was incompetent at the plea hearing must likewise fail. The district court had been presented with an expert opinion that [Petitioner] was competent. Even if defense counsel had retained an independent expert, it is doubtful the new expert would have reached a different result. Additionally, defense counsel was not deficient in failing, somehow, to require [Petitioner] to accept the plea offer he had rejected.

Response, Ex. 3, at 4-5 (footnote omitted). In a footnote, the OCCA noted that Petitioner had obtained a new psychological assessment conducted by an independent expert, Dr. McGarrahan, and that Dr. McGarrahan had reached the conclusion that Petitioner was most likely competent at the time of the plea proceeding. Response, Ex. 3, at 5.

"The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging his guilty plea on the ground that he was denied his Sixth Amendment right to effective assistance of counsel." Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir. 1998). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985)(quoting Strickland v. Washington, 466 U.S. 668, 687-688 (1984)). "To prove deficient performance, [Petitioner] must overcome the presumption that counsel's conduct was constitutionally effective . . . . Specifically, he 'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999)(quoting Strickland, 466 U.S. at 687). "Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they had an adverse effect on the defense." Strickland, 466 U.S. at 693. Under this standard, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner's and his counsel's statements in open court during the plea proceeding and Petitioner's written answers on the Plea of Guilty Summary of Facts form do not indicate that he was confused about the consequences of his plea. Moreover, Petitioner's counsel submitted to the court at the post-evaluation competency hearing a copy of the 2003 Florida juvenile court's order finding Petitioner incompetent. The record reflects that the district court also considered Mr. Burns' report and Dr. Christopher's report at the post-evaluation

competency hearing. The only new evidentiary document Petitioner submitted with his application for an evidentiary hearing on the ineffective assistance of counsel issue was the report of Dr. McGarrahan. The conclusions of Dr. McGarrahan, made following an extensive psychological evaluation of and interview with Petitioner, were that Petitioner was competent or likely competent at the time of the plea proceeding. See Application for an Evidentiary Hearing, Appendix, Ex. L. This evidence certainly did not support Petitioner's claim that his defense counsel did not reasonably investigate the issue of Petitioner's competency prior to the plea proceeding. Petitioner has not shown that the OCCA's decision rejecting this claim was contrary to or unreasonably applied the Strickland standard, and Petitioner is not entitled to habeas relief concerning this claim.

VIII. Excessive Sentence

Petitioner asserts in his sixth ground for relief that his sentences are excessive. He presented the same claim in his certiorari appeal and urged that the OCCA modify his sentences because he was a first-time felon with mental health issues. The OCCA rejected the claim. Relying on previous OCCA precedent, the OCCA stated that Petitioner's aggregate "sentence of ten years imprisonment does not shock our conscience." Response, Ex. 3, at 5.

"A gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). "[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003). In considering the proportionality of a sentence, a state

court's sentencing decision is accorded "wide discretion," and "challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000), cert. denied, 534 U.S. 887 (2001). Petitioner's ten-year concurrent sentences for his two felony convictions were well within the range of punishment for the offenses. See Original Record, at 125; Okla. Stat. tit. 21, § 1116; Okla. Stat. tit. 63, § 2-209(B)(2). Petitioner has not shown that the OCCA's decision in this respect was contrary to or an unreasonable application of clearly-established Supreme Court jurisprudence. Therefore, Petitioner is not entitled to habeas relief concerning this claim.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ____January 6th____ , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___17th___ day of ___December___, 2010.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE